```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

**PHILIP RIVERE**                                    **CIVIL ACTION**

**VERSUS**                                           **NO: 10-2743**

**FRANK LEONHARDT, RENTAL**                          **SECTION: "B"(5)**
**INSURANCE SERVICES, INC.,**
**AND PROGRESSIVE SECURITY**
**INSURANCE COMPANY**

## ORDER AND REASONS

Plaintiff's opposed (Rec. Doc. No. 13) Motion to Remand (Rec. Doc. No. 6) is **GRANTED** for the following reasons.[1]

On July 17, 2008, in Assumption Parish, Louisiana, Phillip Rivere ("Plaintiff") was involved in a traffic accident with Frank Leonhardt ("Defendant Leonhardt"), who was operating a rental vehicle at the time of the accident. (Rec. Doc. No. 13 p. 2) On December 20, 2008, Plaintiff, a Louisiana citizen, filed suit in the 23rd Judicial District Court, Parish of Assumption, naming as defendants: 1) Leonhardt, a citizen and domiciliary of Germany; 2) Rental Insurance Services, Inc., a foreign insurance company doing business in the State of Louisiana; and 3) Progressive Security Insurance Company ("Progressive"), alleged to be a foreign insurance company doing business in the State of Louisiana. (Rec. Doc. No. 6-3 p. 2) Plaintiff filed a Supplemental and Amended

---

[1] We are grateful for the work on this case by Camalla M. Kimbrough, a Tulane University Law School extern with our chambers.

Petition on January 9, 2009, substituting Alamo Financing, LP "in each and every place in the original Petition where the name Rental Insurance Services, Inc. appears." (Rec. Doc. No. 6-6 p. 1)

Although Plaintiff alleged that Progressive is a foreign insurance company, Progressive is in fact a domestic insurer of Louisiana. (Rec. Doc. No. 6-3 p. 4) Thus, Plaintiff and Progressive are nondiverse parties, which suggests that this Court lacks diversity jurisdiction under § 1332. However, on August 13, 2010, Defendant Leonhardt filed a Notice of Removal, (Rec. Doc. No. 1-3), stating, *inter alia*, that Progressive is a fraudulently and improperly joined defendant. (Rec. Doc. No. 13 p. 2) Defendant Leonhardt thus argues that this suit is properly before the Court because after dismissing Progressive from the suit, the remaining parties are completely diverse. (Rec. Doc. No. 13 p. 4)

**APPLICABLE LAW**

Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states. 28 U.S.C. § 1332; *Stiftung v. Plains Mktg, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). The diversity statute requires complete diversity of citizenship. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). A federal court cannot exercise diversity jurisdiction where one of the plaintiffs shares the same citizenship as any one of the

2

defendants. *Id.* (citations omitted).

A defendant may not remove a case based on § 1332 if a nondiverse party is properly joined as a defendant. *Dobson v. Allstate Ins. Co.*, Nos. 06-0252, 06-1097, 06-1064, 06-1255, 06-1734, 06-1585, 2006 WL 2078423, at *4 (E.D. La. July 21, 2006). However, a defendant may remove a case by showing that the nondiverse party was improperly joined. *Id.* (citing *Smallwood v. Il. Cen. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). "Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one." *Id*. The removing party "must demonstrate that there is no possibility that [the plaintiff] will be able to establish a cause of action against [the nondiverse defendant] in state court." *Benoit v. State Farm Fire & Cas. Co.*, No. 97-2594, 1998 WL 88864, at *1 (E.D. La Feb. 27, 1998) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Furthermore, "in evaluating fraudulent joinder claims, [the Court] must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the <u>non-removing</u> party." *Id*. (emphasis added).

Defendant Leonhardt argues that Progressive is a fraudulently and improperly joined defendant because Progressive is not Plaintiff's UM insurer. (Rec. Doc. No. 13 p. 4) However, Defendant Leonhardt has provided insufficient evidence to support his contention that Progressive is not Plaintiff's UM insurer. Although

3

he cites Progressive's motion for summary judgment in which Progressive argues that it does not provide UM coverage to Plaintiff, Defendant Leonhardt filed a Notice of Removal before the state court could rule on this motion.  Furthermore, Defendant Leonhardt does not provide a copy of Plaintiff's actual insurance policy with Progressive which would indicate that Progressive does not provide UM coverage to Plaintiff.  Because Defendant Leonhardt has failed to provide conclusive evidence that Progressive is not Plaintiff's UM provider, Defendant Leonhardt has not shown that Plaintiff has no possibility of recovering from Progressive.

Additionally, because the extent of Defendant Leonhardt's insurance coverage remains in dispute, Defendant Leonhardt has not shown that Plaintiff has no possibility recovery against Progressive.  As Plaintiff's UM provider, Progressive will become liable to Plaintiff if Defendant Leonhardt does not have sufficient underlying liability coverage.  *See Gonzalez v. Gov't Emples. Ins. Group*, No. 99-3707, 2000 U.S. Dist. Lexis 2243, at * 10 (E.D. La. Feb. 28, 2000) ("The purpose behind [uninsured motorist coverage] is to provide protection when the liable party is underinsured or uninsured.")

The parties stipulated that the rental vehicle has insurance coverage of up to $1,000,000.00. (Rec. Doc. No. 13-3) Contrary to the contentions of Plaintiff, Defendant Leonhardt argues that Plaintiff's damages will not exceed $1,000,000.00. (Rec. Doc. No.

4

13 p. 6)  However, Defendant Leonhardt has not provided conclusive evidence indicating that Plaintiff's damages will not exceed $1,000,000.00.  Because the rental car insurance only covers up to $1,000,000.00, and Defendant Leonhardt has not provided any evidence that he has personal insurance coverage in excess of the rental car insurance, Plaintiff's UM insurer will potentially be liable to Plaintiff if a judgment is rendered against Defendant Leonhardt.  Defendant Leonhardt therefore has not satisfied the heavy burden of demonstrating that Plaintiff has no possibility of recovering from Progressive in state court.  Consequently, Progressive is a proper party to the suit.  Progressive's inclusion in the suit defeats this Court's diversity jurisdiction unless the Court can realign Progressive as a plaintiff.

A federal court's power to realign parties "is an exception to the general rule that diversity of citizenship jurisdiction is determined at the time the complaint is filed." *Walker v. Cooper Tire & Rubber Co.*, No. 5:06cv17-DCB-JMR, 2006 WL 2975486, at * 4 (S.D. Miss. Oct. 17, 2006) (citing *Zurn Indust., Inc. v. Acton Construction Co.*, 847 F.2d 234, 236 (5th Cir. 1988).  In order for a federal court to exercise diversity jurisdiction, "there must be an actual, substantial controversy between citizens of different states." *Zurn*, 847 F.2d at 236 (citation omitted).  In other words, there must be a "collision of interests" between opposing parties. *Id*. (citations omitted).  Since "jurisdiction cannot be conferred

5

upon federal courts by parties' own determination of who are plaintiffs and who are defendants," a court must "look beyond the pleadings and arrange parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of the City of New York*, 314 U.S. 63, 69 (1941) (citation omitted).

Whether a bona fide dispute exists between parties is determined by the "primary and controlling matter in dispute." *Zurn*, 847 F.3d at 237. This determination is based on "plaintiff's principal purpose for filing its suit." *Id*. However, "[t]he determination of the 'primary and controlling matter in dispute' does not include the cross-claims and counterclaims filed by the defendants." *Id*.

Here, Plaintiff's primary purpose for filing the suit is to obtain damages for injuries he sustained in a traffic accident involving Defendant Leonhardt. Contrary to the contentions of Plaintiff, as already alleged in its motion for summary judgment, Progressive contends that it is not Plaintiff's UM insurer, and therefore is not liable to Plaintiff for damages. As such, a bona fide dispute exists between Plaintiff and Progressive. Progressive's cross claim against Defendant Leonhardt has no bearing in this determination. Because there is an actual controversy between Plaintiff and Progressive, this Court should not realign Progressive as a plaintiff so that the diversity of citizenship requirement is met.

Because the parties are not completely diverse, the Court does not have subject matter jurisdiction over this case. Consequently, the Court need not address whether Defendant Leonhardt's Notice of Removal was procedurally defective.

New Orleans, Louisiana this 27th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE